*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0386**

Kristin Buege,
Relator,

vs.

County of Houston,
Respondent,

City of Caledonia,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed September 8, 2014
Affirmed
Cleary, Chief Judge**

Department of Employment and Economic Development
File No. 127628347

Kristin Buege, Caledonia, Minnesota (pro se relator)

County of Houston, Caledonia, Minnesota (respondent)

City of Caledonia, Caledonia, Minnesota (respondent)

Lee B. Nelson, Munazza Humayun, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent Department)

Considered and decided by Cleary, Chief Judge; Halbrooks, Judge; and Hooten, Judge.

UNPUBLISHED OPINION

**CLEARY**, Chief Judge

Relator appeals an unemployment-law judge (ULJ) decision that she was overpaid unemployment benefits because she improperly reported her earnings. On certiorari appeal, relator argues that the ULJ erred by failing to consider that she reported her earnings in good faith and by miscalculating her earnings. We affirm.

## FACTS

Relator Kristin Buege works for respondent City of Caledonia as an emergency medical technician (EMT). She is a casual employee and is paid different hourly rates for working "on call" and "on standby." On-call hours involve performance of EMT duties, whereas standby hours involve being available to take calls. Relator also gets paid to attend meetings, for clerical work, and for work as a trainer. Along with working for the city, relator also works for respondent County of Houston as a jailer and dispatcher.

In April 2013, relator established an unemployment-benefit account with a weekly benefit amount of $393. She made weekly payment requests from April 14, 2013, through September 28, 2013. The benefits-request form upon which relator entered her earnings directed that she enter "active duty earnings" and "on call earnings" from "volunteer Firefighting or volunteer Ambulance Service income" separately. Relator included the wages she received from the city for on-call hours, meeting attendance, and training, and the wages she received from the county for working as a jailer and dispatcher, as "active duty earnings." The only wages she reported as "on call earnings"

were the wages she received from the city for standby hours. Only relator's "on call earnings" were deducted from her weekly unemployment benefits.

A determination-of-ineligibility letter was issued to relator on November 12, 2013, stating that a review of relator's reported earnings indicated an overpayment of $1,759 in unemployment benefits. Relator appealed the ineligibility determination, and an evidentiary hearing was conducted. The city and county submitted timesheets for the relevant period. At the hearing, relator disagreed with some of the weekly wages that the city and county reported. Relator submitted her own timesheets and paystubs after the hearing.

On December 27, 2013, the ULJ issued a decision finding that relator had been overpaid $998 in unemployment benefits. The ULJ determined that, under Minn. Stat. § 268.085, subd. 5(c) (2012), relator improperly reported earnings from her positions with the county and city as nondeductible earnings. Relator requested reconsideration, and the ULJ affirmed her decision. This certiorari appeal followed.

## D E C I S I O N

On certiorari appeal, this court reviews a ULJ's decision to determine whether it is "(1) in violation of constitutional provisions; (2) in excess of the statutory authority or jurisdiction of the department; (3) made upon unlawful procedure; (4) affected by other error of law; (5) unsupported by substantial evidence in view of the entire record as submitted; or (6) arbitrary or capricious." Minn. Stat. § 268.105, subd. 7(d) (2012). We view a ULJ's factual findings in the light most favorable to the decision, giving deference to the ULJ's credibility determinations. *Peterson v. Nw. Airlines Inc.*, 753 N.W.2d 771,

3

774 (Minn. App. 2008), *review denied* (Minn. Oct. 1, 2008). Factual findings will not be disturbed "when the evidence substantially sustains them." *Id.* Questions of statutory construction are reviewed de novo. *Houston v. Int'l Data Transfer Corp.*, 645 N.W.2d 144, 149 (Minn. 2002). But, we "will defer to an agency's interpretation of its own statutes unless such interpretation is in conflict with the express purpose of the statute and the legislature's intent." *Carlson v. Augsburg Coll.*, 604 N.W.2d 392, 394 (Minn. App. 2000).

Minn. Stat. § 268.085, subd. 5(a) (2012) states that if an unemployment-insurance applicant "has earnings . . . with respect to any week, from employment . . . equal to or in excess of the applicant's weekly unemployment benefit amount, the applicant is ineligible for unemployment benefits for that week." Additionally, for weeks prior to July 1, 2013, "[i]f the applicant has earnings, with respect to any week, that is less than the applicant's weekly unemployment benefit amount, . . . 55 percent of the earnings are deducted from the weekly unemployment benefit amount." Minn. Stat. § 268.085, subd. 5(b) (2010). Fifty percent of earnings are deducted for weeks after July 1, 2013. *Id.*, subd. 5(b) (2012). However, "[n]o deduction is made from an applicant's weekly unemployment benefits amount for earnings . . . from direct service as a volunteer firefighter or volunteer ambulance service personnel." *Id.*, subd. 5(c). The exception for earnings from direct service as a volunteer firefighter or ambulance personnel does not apply to pay received for "standby" or "on-call" hours. *Id.* An applicant who receives unemployment benefits that the applicant was not entitled to must repay the overpaid unemployment benefits. Minn. Stat. § 268.18, subd. 1(a) (2012).

4

Relator argues that the ULJ erred by failing to consider that she reported her earnings in good faith and in reliance on instructions given to her by a ULJ who presided over a prior unemployment-insurance matter in 2010. However, relator does not cite any authority supporting the applicability of a good-faith defense to repayment of overpaid unemployment benefits. Section 268.18, subdivision 1(a), mandates repayment of improperly claimed unemployment benefits without any requirement that the applicant possessed fraudulent intent. A separate subdivision addresses overpayment due to fraud, and penalties are assessed for fraudulent conduct. *Id.*, subd. 2(a) (2012). Additionally, relator did not present any evidence of her communications with the prior ULJ. The ULJ did not err by failing to find that relator has a good-faith defense preventing recovery of overpaid unemployment benefits.

Relator asserts that the ULJ erred by miscalculating her earnings. She provides a summary she prepared, in which she lists the hours she maintains that she worked for the city and county. Respondent Department of Employment and Economic Development asserts that the ULJ "correctly concluded that [relator's] earnings from work as a jailer and dispatcher [with the county], as well as her earnings from clerical work, meetings, and classroom teaching for [the city], were deductible earnings."

The ULJ determined that all of relator's earnings from the county as a jailer and dispatcher were not earnings for direct service as volunteer ambulance service personnel under section 268.085, subdivision 5(c), and were incorrectly reported as nondeductible earnings. Relator does not present any legal argument that this is an incorrect interpretation of the statute. Her positions as dispatcher and jailer do not fall within the

5

plain meaning of "direct service as a volunteer firefighter or volunteer ambulance service personnel," and the ULJ did not err in concluding that her earnings from such work were incorrectly reported.[1]

With respect to relator's earnings from the city, the ULJ did not clearly delineate which earnings should have been reported as deductible standby earnings and which earnings were nondeductible earnings from direct service as a volunteer firefighter or volunteer ambulance service personnel. However, based on a comparison of the ULJ's findings of the weekly "standby pay" relator received from the city with the timesheets relator submitted after the hearing, it is apparent that the ULJ found that relator's earnings from her time on standby, meeting attendance, clerical work, and time as a trainer were deductible earnings. Consequently, the ULJ determined that relator's earnings from on-call time—the time she spent performing EMT duties—were nondeductible earnings.

The ULJ did not err by calculating relator's deductible earnings. Under the plain language of section 268.085, subdivision 5(c), relator is not performing direct service as a volunteer firefighter or volunteer ambulance service personnel when she performs clerical work, attends meetings, works as a trainer, or is on standby. Section 268.085, subdivision 5(c), clearly differentiates between two categories of work: (1) earnings from

---

[1] The ULJ's findings reflect that the ULJ found relator's testimony credible as to the small discrepancies between the information the county submitted for her earnings and her own records. Although relator takes issue with the accuracy of some of the documents in the record, it does not appear that the ULJ relied on any of these documents, but instead relied on the timesheets and paystubs she provided and her testimony.

direct service as a firefighter or ambulance service personnel, and (2) time spent on standby as a firefighter or ambulance service personnel. Relator's earnings from work performed as part of her EMT duties clearly falls within the first category, and these earnings were not deductible from her unemployment benefits. The rest of relator's earnings fall within the second category, and were deductible from her unemployment benefits. Because the ULJ correctly determined which of relator's earnings were deductible, the ULJ did not err by concluding that relator incorrectly reported her earnings, resulting in an overpayment of unemployment benefits.

Affirmed.